O

# United States District Court
# Central District of California

| | |
|---|---|
| ORLANDO GARCIA,<br><br>  Plaintiff,<br><br>  v.<br><br>GUILLERMO MOLINA, et al.,<br><br>  Defendants. | Case № 2:20-cv-08014-ODW (AGRx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH SERVICE AND TO DISMISS [15]** |

## I.  INTRODUCTION AND BACKGROUND

Plaintiff Orlando Garcia initiated this case on September 2, 2020. (*See* Compl., ECF No. 1.) On October 22, 2020, Garcia filed a Proof of Service, which states that he served the Summons and Complaint on Defendant Guillermo Molina via substitute service. (Proof of Service, ECF No. 14.) Presently before the Court is Molina's Motion to Quash Service and to Dismiss under Federal Rules of Civil Procedure ("Rules") 12(b)(5) and (b)(2) for deficient service and lack of personal jurisdiction. (*See* Mot. Dismiss ("Motion" or "Mot."), ECF No. 15.) The Motion is fully briefed. (*See* Opp'n, ECF No. 17; Reply, ECF No. 18.) For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Molina's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. LEGAL STANDARD

Under Rule 12(b)(5), a party may seek dismissal of a complaint for insufficient service of process. Fed. R. Civ. P. 12(b)(5). "Service of process is a prerequisite for personal jurisdiction over a defendant." *C&sm Int'l v. Prettylittlething.com Ltd.*, No. CV 19-4046-CBM (KSx), 2019 WL 7882077, at *1 (C.D. Cal. Oct. 8, 2019) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Defendants must be served in accordance with Rule 4[] . . . or there is no personal jurisdiction.")). "Once service is challenged, [the] plaintiff[] bear[s] the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "If Plaintiff fails to meet [his] burden, the court has discretion to either dismiss an action entirely for failure to effect service or to quash the defective service and permit reservice." *C&sm*, 2019 WL 7882077, at *1 (citing *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006)).

## III. DISCUSSION

Garcia filed a Proof of Service stating that a process server effected substitute service on a "Jane Doe" apparently in charge of a business located at 4519 Beverly Boulevard, Los Angeles California ("Beverly Property"). (Proof of Service 1.) Molina contends the Court should dismiss this case or, alternatively, quash service because the attempted substitute service was procedurally defective. (*See generally* Mot.) Specifically, Molina claims that the Beverly Property is not Molina's home residence, and he has not authorized anyone there to accept service on his behalf. (*See* Mot. 3–4.) Molina also urges the Court to sanction Molina for failing to meet and confer concerning his Motion, and for filing a purportedly false Proof of Service. (Mot. 9.) The Court addresses each argument in turn.

**A. Substitute Service**

First, Molina argues that service was ineffective because Garcia "served a non-authorized agent for service of process" at the Beverly Property. (Mot. 3.) Garcia, on the other hand, contends that substitute service was proper because he attempted

personal service on Molina eight times before purportedly effecting substitute service. (Opp'n 5.)

Here, both parties miss the mark. Under Rule 4(e)(1), an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In this case, Garcia elected to follow California's substitute service law. (*See* Proof of Service; Opp'n 3.) That law permits substitute service on a defendant if the plaintiff, acting with reasonable diligence, cannot complete personal service. *See* Cal. Civ. Proc. Code § 415.20(b); *see also Bein v. Brechtel-Jochim Grp., Inc.*, 6 Cal. App. 4th 1387, 1391–92 (1992) ("Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made."). To effect substitute service, the plaintiff must leave a copy of the summons and complaint "at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box." Cal. Civ. Proc. Code § 415.20(b). For service to be proper, however, "[i]t is crucial that a connection be shown between the address at which substitute service is effectuated and the party alleged to be served." *Corcoran v. Arouh*, 24 Cal. App. 4th 310, 315 (1994).

Garcia claims that the Beverly Property is Molina's usual place of business, but he fails to put forth any evidence demonstrating a connection between Molina and that business. (*See* Opp'n 3.) Garcia merely states in conclusory fashion that an investigation confirmed it was Molina's "most consistent business address" without putting forth any evidence to support this claim. (Opp'n 2.) Moreover, neither the Proof of Service nor Garcia's alleged investigation establish the Beverly Property is Molina's "usual place of business" such that substitute service was effected. (Opp'n 3.) For these reasons, Garcia fails to meet his burden of showing that substitute service was proper. Accordingly, the Court **QUASHES** the purported substitute service on Molina.

### B. Sanctions

Second, Molina requests that the Court sanction Garcia under Local Rule 83-7 for his alleged failure to meet and confer concerning this Motion and for filing a purportedly false proof of service. (Mot. 9.) Garcia claims that he "has not sought to avoid contact with [Molina] or [his] representative," and he simply did not have the "opportunity to respond to the November 18, 2020 letter" before Molina filed this Motion on November 23, 2020. (Opp'n 7; Mot. 11.)

Under Local Rule 7-3, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion." C.D. Cal. L.R. 7-3. "The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to . . . monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless." C.D. Cal. L.R. 83-7.

Here, Garcia's conduct does not warrant imposing sanctions. Molina made it practically impossible for Garcia to adhere to the meet and confer requirement by filing this Motion only five days after Garcia received Molina's meet and confer letter. (Opp'n 7; Mot. 11.) Further, Garcia's failure to show that service was proper does not necessarily mean his Proof of Service was *false.* The process server submitted an affidavit stating that he served a Jane Doe who appeared to be in charge of the Beverly Property. (Proof of Service 3.) Molina does not submit any evidence demonstrating that the process server did not actually serve the Jane Doe, he simply contends that the Jane Doe had no authority to accept service on his behalf. Based on these facts, there is no evidence that Garcia showed willful, grossly negligent, or reckless failure to conform with Local Rules by filing the Proof of Service. For these reasons, the Court **DENIES** Molina's request for sanctions.

## IV.   CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** Molina's Motion and **QUASHES** the purported service. The Court **DENIES IN PART** Molina's Motion to the extent he seeks to dismiss the Complaint. The Court **DENIES** Molina's request for sanctions. The Court **ORDERS** Garcia to effect service on Molina in accordance with Rule 4 within twenty-one (21) days of the issuance of this order. If Garcia fails to file proof of valid service upon Molina within twenty-one (21) days, the Court shall dismiss the claims against Molina without further warning, based on Garcia's failure to serve him within the time required by Rule 4(m).

**IT IS SO ORDERED.**

March 1, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**